JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. COLLINS, III, | Case No.  EDCV 08-1519-JVS (OP) |
| Plaintiff, | ORDER RE:  DISMISSAL OF CIVIL RIGHTS ACTION FOR FAILURE TO PROSECUTE |
| vs. | |
| JON DE MORALES, et al., | |
| Defendants. | |

## I.
## PROCEEDINGS

On November 7, 2008, John W. Collins, III ("Plaintiff"), filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983, after being granted leave to proceed in forma pauperis.  On January 7, 2009, the Court dismissed the Complaint with leave to amend, allowing Plaintiff thirty days to file a First Amended Complaint ("FAC").  In the Order dismissing the Complaint with leave to amend, the Court cautioned Plaintiff that "[f]ailure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order.  Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed."

1

1    On February 24, 2009, the Court issued an Order to Show Cause why the
2    case should not be dismissed for failure to prosecute. The Court again cautioned
3    Plaintiff that the "failure to file a First Amended Complaint by March 13, 2009,
4    shall result in the Court recommending that this action be dismissed." To date,
5    Plaintiff has not has not filed a response to the OSC, has not filed the FAC, has not
6    requested an extension of time to do so, and has not otherwise communicated with
7    the Court.

8    For the reasons set forth below, the Court dismisses without prejudice the
9    Complaint for failure to prosecute.

## II.

## DISCUSSION

12   It is well established that a district court has authority to dismiss a plaintiff's
13   action because of his or her failure to prosecute or to comply with court orders.
14   See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82
15   S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for
16   lack of prosecution is necessary to prevent undue delays in the disposition of
17   pending cases and to avoid congestion in the calendars of the district courts);
18   Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district
19   court may dismiss an action for failure to comply with any order of the court).

20   In Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit
21   cited the following factors as relevant to the district court's determination of
22   whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's
23   interest in expeditious resolution of litigation; (2) the court's need to manage its
24   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
25   disposition of cases on their merits, and (5) the availability of less drastic
26   sanctions." Carey, 856 F.2d at 1440.

27   Here, Plaintiff has failed to file the FAC despite advisements that failure to
28   do so could lead to the dismissal of the action for failure to prosecute. Plaintiff's

2

1  conduct hinders the Court's ability to move this case toward disposition and
2  indicates that Plaintiff does not intend to litigate this action diligently. Thus, the
3  first two factors weigh in favor of dismissal.

4       Next, a rebuttable presumption of prejudice to defendants arises when a
5  plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d
6  1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is
7  unwarranted here. Thus, the third factor also weighs in favor of dismissal.

8       It is a plaintiff's responsibility to move a case toward a disposition at a
9  reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan
10  Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to file the FAC,
11  Plaintiff has not discharged this responsibility. In these circumstances, the public
12  policy favoring resolution of disputes on the merits does not outweigh Plaintiff's
13  failure to file the FAC. Thus, the fourth factor weighs in favor of dismissal.

14       Finally, the Court attempted to avoid dismissal by advising Plaintiff that the
15  failure to file the FAC so could lead to the dismissal of the action for failure to
16  prosecute. Plaintiff has not filed the FAC, has not requested an extension of time
17  to do so, and has not otherwise communicated with the Court. Thus, the fifth
18  factor weighs in favor of dismissal.

19       Based on the foregoing, the Court concludes that dismissal without
20  prejudice of the Complaint is warranted due to Plaintiff's failure to prosecute.
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

3

# III.

## ORDER

IT IS THEREFORE ORDERED that the Complaint is hereby dismissed without prejudice for failure to prosecute.

DATED: _____4.24_____, 2009

HONORABLE JAMES V. SELNA
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

4